**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Michael Lester, | : |
|               Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| D2 Management LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
|               Defendants. | : |

For this Complaint, the Plaintiff, Michael Lester, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and Electronic Fund Transfer Act 15 U.S.C. § 1693, *et seq.* ("EFTA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Michael Lester ("Plaintiff"), is an adult individual residing in Salem, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant D2 Management LLC ("D2"), is a South Carolina business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by D2 and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. D2 at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to D2 for collection, or D2 was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. D2 Engages in Harassment and Abusive Tactics

11. On or about July 22, 2016, D2 contacted the Plaintiff in an attempt to collect the Debt.

12. During the initial telephone call, D2 told Plaintiff that if he did not create payment arrangements on that call, D2 would report the Debt to the Internal Revenue Service.

13. That same day, Plaintiff returned D2's call and provided his bank account information to D2. D2 set up reoccurring payments to be made from Plaintiff's bank account.

14. D2 emailed a written payment plan agreement to Plaintiff to authorize D2 to take money out of Plaintiff's bank account. Plaintiff never signed the agreement and never provided D2 written authorization to withdraw money from his bank account on a monthly basis or ever.

15. On or about July 30, 2016, D2 electronically withdrew $125.00 from Plaintiff's account without his written authorization, the same amount to be withdrawn on a monthly basis.

16. D2 attempted but failed to withdraw $125.00 from Plaintiff's account the next month.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. D2 withdrew $125.00 from Plaintiff's bank account without his written authorization.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.


22. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action that could not legally be taken or that was no intended to be taken.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT,
## 15 U.S.C. § 1693 *et seq.*

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

30. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

31. Defendant debited Plaintiff's bank account on a monthly basis using "preauthorized electronic fund transfers" as defined in 15 U.S.C § 1693a(10).

32. Defendant violated 15 U.S.C. § 1693e(a) in that Defendant executed a preauthorized electronic fund transfer from Plaintiff's account without Plaintiff's prior written authorization.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the EFTA.

34. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 18, 2016

                        Respectfully submitted,

                        By   /s/ Sergei Lemberg

                        Sergei Lemberg (BBO# 650671)
                        LEMBERG LAW, L.L.C.
                        43 Danbury Road, 3rd Floor
                        Wilton, CT 06897
                        Telephone: (203) 653-2250
                        Facsimile: (203) 653-3424
                        Attorneys for Plaintiff